THE CAMDEN AND ATLANTIC RAILROAD COMPANY *vs.* THE ATLANTIC CITY PASSENGER RAILROAD COMPANY.

Where the right to an injunction, issued upon filing the bill, to restrain a horse railroad company from laying, under grant by municipal authorities, a track alongside complainants' track, in the street of a city, which had been in complainants' possession, to which they claimed title by grant, and on which they had maintained their track for more than twenty years, depends upon whether the grant from the owners of the land under which complainants' claim title, was prior to a dedication of the street by such owners to public use, and the agreement for dedication itself, gives color at least, to complainants' claim, the injunction will not be dissolved upon the hearing upon the bill and answer.

On motion to dissolve injunction, on bill and answer.

*Mr. A. C. Scovel* and *Mr. P. L. Voorhees*, for the motion.

*Mr. A. Browning*, contra.

THE CHANCELLOR.

The complainants were incorporated on the 19th of March, 1852, were organized on the 24th of June, following, and their road had been constructed, and was opened for use for the distance of fifty-nine miles, from Camden to Absecon beach, on the 4th of July, 1854. It is said to have been constructed to the beach about three months before it was actually built on that part of it which is now known as Atlantic avenue, in Atlantic City. This delay is said to have been occasioned by the indecision of the complainants as to the location of their docks on the inlet. Since the opening of their road, now over twenty years, they have operated it, occupying, as they allege, a strip sixty feet wide, on which they have had and maintained a single railroad track, through what is known as Atlantic avenue. By act of March 3d, 1854 (the act did not take effect, however, until the 1st day

of May, following), Atlantic City was incorporated. As the defendants allege, previously to the passage of that act, and by agreement dated April 15th, 1853, and recorded on the 24th of May, 1854, in the clerk's office of Atlantic county, the owners of the land which afterwards became the city plot, dedicated to public use certain portions of that land for streets, among which was Atlantic avenue, which was to be one hundred feet wide. The defendants, a horse railway company, were incorporated on the 10th of February, 1869. Under a grant from the municipal authorities of Atlantic city, they were proceeding, when the bill in this cause was filed, to lay down their track alongside of the track of the complainants, in Atlantic avenue, and within the strip of sixty feet in width claimed by the complainants. They were enjoined by this court from so doing. On the argument of this motion, the case was made to turn, by the defendants' counsel, on the question whether the complainants did indeed obtain a grant for the sixty feet strip which they claim to own, before the dedication above referred to, or not; and if so, whether they were then competent to receive or accept such grant, seeing that they had not then filed the survey of their route on the beach. It is alleged that they did not file that survey until November, 1854. The beach, at the time of the incorporation of the complainants, not only had no urban character, but was a mere sandy waste. It is graphically described by the bill, as one of the chain of contiguous sand beaches which skirt the Atlantic ocean, along the New Jersey coast, from Sandy Hook, at the mouth of Raritan bay, to Cape May, at the mouth of Delaware bay, made up of sand and sand hills (interspersed with ponds), washed up from the ocean, and either entirely bare or covered up with a stunted growth of timber and beach grass, and inhabited only by a few hunters and fowlers, living in huts and other small buildings, erected thereon; and separated from the fast land by salt meadows or marsh, about six or seven miles in width, and in itself about nine miles long, and in mean width, about half a mile. It seems clear

that its present changed character, and the conversion of the beach into a popular watering place, are wholly due to the location of the complainants' road ; and that the enterprise of establishing there a place of summer resort was not only wholly dependent upon, but owed its inception to the proposed location of the complainants' railroad, and, therefore, that the dedication of streets and highways was in view, and only in view, of the location of the railroad on the beach, and that those contemplated improvements were entirely predicated upon such location.  The complainants, by their bill, which is verified by positive and direct affidavit, allege that their road is located and constructed along, as near as may be, the middle of the beach, and parallel with the ocean, and was, and is, of the width of sixty feet, and had, at the time of filing the bill, a single track, as near as may be, in the middle of a strip of land of sixty feet in width, obtained by the complainants from the owners thereof, for the purpose of locating and constructing their railroad thereon ; and that after they had procured the lands on the beach required for their railroad, from their owners, and had surveyed, laid out, located and marked the lines of the railroad as located on the beach in such way as that the lines were visible and well known, and after they had, in fact, constructed the railroad on the beach, and while they were actually engaged in constructing it there, the several owners of the lands on the beach lying on either side of the railroad, surveyed and laid out their contiguous lands into a town or city plot; and that the place was made, and the streets laid out, with reference to the railroad as a base; and while all the streets and avenues running parallel with the railroad, and indeed all the other streets, were laid out of the width of sixty feet, Atlantic avenue was laid out, for common use and travel, twenty feet wide on each side of the railroad.  The complainants have been in possession, as they allege, of the strip of sixty feet wide which they claim, for over twenty years, and they claim a title to it by grant from the owners, at a period prior to the incorporation of the city, and prior to the agreement

of dedication stated in the answer. The written agreement made by the land owners with Doughty and Pitney, referred to in the answer, and produced and used on the argument, gives color, at least, to the complainants' claim. What further substantive or adjective proof the complainants may have to offer in that connection, does not appear. The contest is not between them and the land owners, or even with the municipal authorities (at least directly), but with a railroad company, who claim under a grant or license from the city authorities. In view of the long continued possession of the complainants, and their claim of title, by grant, to the premises on which the defendants proposed, when enjoined by this court, to lay their track, the case is eminently one in which the injunction should be retained until the hearing.

The motion will therefore be denied, with costs.